**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENERGIZER BRANDS II LLC, | ) | |
| ENERGIZER HOLDINGS, INC., and | ) | |
| AMERICAN COVERS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-cv-00429-JCH |
| | ) | |
| | ) | |
| PARADISE AIR FRESH, LLC, MARC | ) | |
| FUNDERLICH, and RYAN SIMONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>DEFENDANTS, PARADISE AIR FRESH, LLC AND MARC FUNDERLICHS' MOTION</u>**
**<u>TO DISMISS COMPLAINT [D.E. 1] AND</u>**
**<u>MEMORANDUM OF LAW</u>**

## **TABLE OF CONTENTS**

Table of Contents ..................................................................................................... ii

Table of Authorities ................................................................................................. iii

   Cases ...................................................................................................................... iii

   Other Authorities ................................................................................................... iv

Motion ...................................................................................................................... 1

Introduction .............................................................................................................. 1

Memorandum of Law ............................................................................................... 2

I.     Standard On A Motion To Dismiss ................................................................... 2

II.    Plaintiffs fail to allege facts sufficient to establish personal jurisdiction or venue in this Court. ...................................................................................................................... 3

III.   Venue is not proper in this District because there are no allegations that a substantial part of the events or omissions giving rise to the claims occurred in this District. .............................. 7

   A.   The Complaint should be dismissed for improper venue. ..................................... 7

   B.   Alternatively, venue should be transferred to the District Court for the Southern District of Florida. ..................................................................................................... 9

IV.   Plaintiffs fails to state a plausible claim for contributory unfair competition because the Complaint fails to allege any basis for direct unfair competition. ............................................... 11

V.   The Energizer Plaintiffs lack standing to bring breach of contract claims because they are not parties to the contracts at issue. .......................................................................... 14

VI.   There is no claim for common law contributory trademark infringement and unfair competition under Missouri law. .......................................................................... 15

Conclusion .............................................................................................................. 15

**Certificate of Service** ............................................................................................. 17

# **TABLE OF AUTHORITIES**

## **Cases**

Page(s)

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................3

*Buti v. Perosa, S.R.L.*,
139 F.3d 98 (2d Cir. 1998)........................................................................................11

*Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*,
127 F. Supp. 3d 1020 (E.D. Mo. 2015)......................................................................4

*Fastpath, Inc. v. Arbela Techs. Corp.*,
760 F.3d 816 (8th Cir. 2014) ................................................................................. 2-3

*Energizer Brands, LLC v. Proctor & Gamble Co.*,
2017 WL 4865921 (E.D. Mo. Oct. 27, 2017) ........................................................15

*Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*,
672 F. Supp. 2d 106 (D.D.C. 2009) ........................................................................12

*Holmes Dev., LLC v. Cook*,
48 P.3d 895 (Utah 2002) .........................................................................................14

*In re Apple, Inc.*,
602 F.3d 909, 912 (8th Cir. 2010) ..........................................................................10

*Johnson v. Arden*,
614 F.3d 785 (8th Cir. 2010) ............................................................................. 3-4, 6

*Pangaea, Inc. v. Flying Burrito LLC*,
647 F.3d 741 (8th Cir. 2011) ...............................................................................4, 5

*Phoenix Entm't Partners, LLC v. Kwench, LLC*,
306 F. Supp. 3d 1102 (E.D. Mo. 2018)..............................................................11, 14

*Steele v. Bulova Watch Co.*,
344 U.S. 280 (1952)..................................................................................................11

*Terra Int'l, Inc. v. Mississippi Chem. Corp.*,
119 F.3d 688 (8th Cir. 1997) ............................................................................... 9-10

iii

*Vanity Fair Mills, Inc. v. The T. Eaton Co.*,
    234 F.2d 633 (2d Cir. 1956)..............................................................................11, 12, 13, 14

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*,
    646 F.3d 589 (8th Cir. 2011) ............................................................................4, 5, 6

*Wal-Mart Stores, Inc. v. Case-Mate, Inc.*,
    2017 WL 382243 (W.D. Ark. Jan. 25, 2017) ................................................ 11-12

*Woodke v. Dahm*,
    70 F.3d 983 (8th Cir. 1995) .............................................................................9

## Other Authorities

28 U.S.C. § 1391(b)(2) ............................................................................ 7-8, 9

28 U.S.C. § 1404...................................................................................9, 10

Fed. R. Civ. P. 12(b) ...............................................................................1, 7

## MOTION

Defendants, Paradise Air Fresh, LLC and Marc Funderlich (collectively, "Defendants"), move pursuant to Federal Rule of Civil Procedure 12(b), for the entry of an order dismissing the Complaint [D.E. 1] against Defendants, or in the alternative, for entry of an order transferring this action to the District Court for the Southern District of Florida, and say:

## INTRODUCTION

Mr. Funderlich and Mr. Simons are former employees of some of the Plaintiffs.  After leaving their employment, Mr. Funderlich and Mr. Simons chose to open their own business, using knowledge gained throughout their careers (pre-dating their employment at any Plaintiff), and using technology and information readily available on the market to create Paradise Air Fresh, LLC, a company that manufactures scented products for vehicles, homes and workplaces. Sensing a budding competitor, Plaintiffs, Energizer Brands II, LLC, Energizer Holdings, Inc., and American Covers, LLC[1] are attempting to use spurious Lanham Act and trade secret claims in an attempt to manufacture a non-competition agreement long after Mr. Funderlich and Mr. Simons left any Plaintiffs' employ.  It is undisputed that no such employment agreement exists that restricts Mr. Funderlich and Mr. Simons' ability to compete with Plaintiffs.

Plaintiffs' primary claim involves contributory unfair competition, which Plaintiffs bring only against Defendants, and not against the company that Plaintiffs allege is actually using the infringing mark, FRSH Scents, Ltd.  Plaintiffs bring the claim despite their own allegation that not a single allegedly infringing product has ever been sold in the United States.  Rather, Plaintiffs themselves allege that the allegedly infringing products are sold only in the United

---

[1] Collectively, Energizer Brands II, LLC and Energizer Holdings, Inc., will be referred to as "Energizer Plaintiffs," and Energizer Brands II, LLC, Energizer Holdings, Inc., and American Covers, LLC will be referred to as "Plaintiffs."

1

Kingdom. FRSH Scents, Ltd., has a trademark in the United Kingdom for the very marks that Plaintiffs claim infringe their own.   Plaintiffs then go on to make claims related to a "confidentiality agreement" between American Covers and Mr. Funderlich and Mr. Simons, attempting to transform this agreement into a permanent prohibition on Mr. Funderlich and Mr. Simons ability to ever compete in the same business as any of Plaintiffs.

Further demonstrating the clear purpose of this claim – harassing a new competitor, Plaintiffs bring the claims in the Eastern District of Missouri, whose only connection to this case is that it is the principal place of business of Energizer Brands II, LLC and Energizer Holdings, Inc.  It is not the principal place of business of American Covers (Mr. Funderlich and Mr. Simons' former employer), or of any Defendant, and it is not the location where any Defendant worked, or where any products at issue have ever been sold.

The Complaint must be dismissed for lack of personal jurisdiction and improper venue, because none of the acts or omissions alleged in the Complaint occurred in this District, Defendants are not subject to the Missouri long-arm statute, and Defendants do not have minimum contacts with the State of Missouri.  The First, Fifth, Sixth and Seventh Causes of Action must also be dismissed for failure to state a claim because Plaintiffs fail to meet the minimum level of pleading to state those claims.

## MEMORANDUM OF LAW

### I.    Standard On A Motion To Dismiss

The standards applicable to a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim are well-established.  "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists.  To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make

2

a prima facie showing of personal jurisdiction over the challenging defendant." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (internal citations omitted).  The court may consider affidavits and exhibits supporting or opposing the motion.  *Id.*

"[T]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  While the court should "assume [the] veracity" of well-pleaded factual allegations, those allegations must consist of more than mere labels, legal conclusions, or a "formulaic recitation of the elements of a cause of action," and bare legal conclusions are "not entitled to the assumption of truth." *Id.* at 678-79.  Plaintiffs must also plead more than "a sheer possibility that a defendant has acted unlawfully." *See id.* at 678.  When "however true," the allegations in a complaint "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## II.     Plaintiffs fail to allege facts sufficient to establish personal jurisdiction or venue in this Court.

The Complaint lacks the necessary allegations to establish personal jurisdiction over the Defendants in Missouri, but even if the Complaint included the necessary allegations, the facts as established by the Declaration of Marc Funderlich, [D.E. __] ("Funderlich Declaration") and the Declaration of Ryan Simons, [D.E. __] ("Simons Declaration"), demonstrate that this Court may not exercise personal jurisdiction over the Defendants.

In Missouri, to obtain personal jurisdiction over a non-resident defendant, "the plaintiff must make a prima facie showing that (1) the cause of action arose out of an activity covered by Missouri's long-arm statute, ... and (2) the defendant had

sufficient minimum contacts with Missouri to satisfy the requirements of due process."

*Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quoting *In re Marriage of Berry*, 155 S.W.3d 838, 840 (Mo. Ct. App. 2005)).

"In a diversity suit, a federal court may exercise jurisdiction over a nonresident defendant only if the requirements of the forum state's long-arm statute are met and the exercise of jurisdiction comports with due process." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011). "In order to satisfy the due process clause, a defendant must have 'minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' The defendant's 'contacts' with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has 'purposefully availed' itself of the privilege of conducting activities in the state." *Id.* (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, (1945) (internal citation omitted)); *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1026 (E.D. Mo. 2015) ("'The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state," "to such a degree that it 'should reasonably anticipate being haled into court there.'" (quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (internal citation omitted)). In considering whether the defendant's contacts with a forum state are sufficient, the court must consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Johnson*, 614 F. 3d at 794. The first three "are primary factors," and the final two are "secondary factors." *Id.*

4

Minimum contacts can either establish general jurisdiction or specific jurisdiction. Id.  "A court obtains general jurisdiction 'against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum.'"  *Johnson*, 614 F. 3d at 794 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1073 (8th Cir. 2004)).  "Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'"  *Id.* at 795 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir. 2008)).  When specific jurisdiction is asserted based on acts that occurred outside of the forum state, the standard is even higher:

> Due process allows a state to assert personal jurisdiction over a defendant based on the in-state effects of defendants' extraterritorial tortious acts only if those acts "(1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—[in the forum state]."

*Viasystems*, 646 F.3d at 594 (quoting *Johnson*, 614 F. 3d at 796).

In *Pangaea*, a trademark infringement case, the defendants were an Iowa corporation and its owner, whose sole contact with the forum state, Arkansas, was a single meeting in Arkansas in which the defendants sought to obtain permission to use the plaintiff's trademark.  647 F.3d at 746.  The trial court found, and the Eighth Circuit affirmed, that the single contact in Arkansas, which was not related to the alleged trademark infringement, was not sufficient to establish minimum contacts with the forum state.  *Id.* at 747.

Similarly, in *Viasystems*, the defendant's only contacts with Missouri were "scattered e-mails, phone calls, and a wire-transfer of money to Viasystems in Missouri," and the defendant's

5

refusal to pay the plaintiff's "replacement costs in full." *Viasystems*, 646 F.3d at 594. These were not sufficient to establish minimum contacts with Missouri. *Id.* at 594-95.

Similarly, Defendants do not have minimum contacts with the forum state. The only allegations in the Complaint related to jurisdiction are that *Plaintiffs* Energizer Brands II, LLC and Energizer Holdings, Inc., who are located in Missouri, will suffer harm in Missouri. Complaint, ¶¶ 12-15.

Even assuming, as Plaintiffs claim, that an allegation of trademark infringement automatically meets the requirements of the Missouri long-arm statute, Plaintiffs failed to allege any minimum contacts with Missouri that would satisfy constitutional due-process. Plaintiffs do not allege that Defendants sold any products in Missouri, advertised in Missouri, visited Missouri or even spoke to anyone in Missouri. The confidentiality agreements that Plaintiffs allege Mr. Funderlich and Mr. Simons breached were entered into in Pennsylvania prior to the formation of Paradise Air, while Mr. Funderlich and Mr. Simons were employed by American Covers, Inc., a Utah corporation whose principal place of business was Draper, Utah.[2] Funderlich Declaration, ¶ 3, Ex. A, [D.E. __][3].

Applying the five factors the Eighth Circuit set out in *Johnson* demonstrates the absence of minimum contacts. The first three, "primary" factors unequivocally show no minimum contacts: Paradise Air Fresh, LLC is a Florida limited liability company that has no offices in Missouri, has never engaged in any business in Missouri, including any sales, and Mr. Funderlich and Mr. Simons each currently live in Florida and lived and worked in Pennsylvania

---

[2] Plaintiffs fail to attach the confidentiality agreements to the Complaint, attempting to avoid the obvious lack of connection with Missouri.

[3] While Defendants accept the allegation that Mr. Simons entered into a Confidentiality Agreement as true for purposes of this Motion to Dismiss, Mr. Simons does not possess a copy of the alleged agreement.

6

during their employment with Plaintiffs.  Funderlich Declaration, ¶¶ 2-3, 5 [D.E. __]; Simons Declaration, ¶¶ 2-3, 5 [D.E. __].Plaintiffs have failed to allege any contacts with Missouri whatsoever. The final two factors also weigh against minimum contacts with the forum state, because while Missouri may have a nonunique interest in providing a forum for its residents, that interest does not override Defendants' constitutional due process rights, and while it may be convenient for Plaintiffs to sue in their forum state, it is more inconvenient for Defendants to defend in a state with which they have no contacts, and the majority of evidence related to this case is either located in Florida or overseas, where the allegedly infringing products are sold by the alleged direct infringers.  Complaint, ¶¶ 5-9, 50, 53.

Further, if Plaintiffs are alleging specific jurisdiction, they fail to allege any act by Defendants related to any cause of action that was directed to Missouri.  If Plaintiffs are alleging general jurisdiction, the absence of *any* allegations of conduct in Missouri is far from the "'continuous and systematic' contacts with the forum state" necessary to establish general jurisdiction.  *Johnson*, 614 F. 3d at 794.

Thus, the Complaint and the facts underlying the Complaint as demonstrated by the Declarations clearly show that Plaintiffs have failed to make a prima facie case establishing personal jurisdiction over Defendants in this District.

**III.**   **Venue is not proper in this District because there are no allegations that a substantial part of the events or omissions giving rise to the claims occurred in this District.**

   **A.  The Complaint should be dismissed for improper venue.**

The allegations in the Complaint demonstrate that none of the actions or omissions giving rise to the claims in this case occurred in this district, and therefore, venue is improper.  Fed. R. Civ. P. 12(b)(3).  Plaintiffs make the unsupported and conclusory assertion that "[v]enue is

proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that, on information and belief, a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district."  Complaint, ¶ 16.  However, Plaintiffs fail to allege that *any* actions or omissions occurred in this District in the entire Complaint, including the numerous bare allegations that are made only "on information and belief."  Instead, Plaintiffs conclusorily allege that the alleged unfair competition, use of confidential information, and misappropriation of trade secrets will cause harm to Energizer Holdings, Inc., a Missouri corporation, and its subsidiaries, Energizer Brands II LLC, a Missouri limited liability company, and American Covers, LLC, a *Utah* limited liability company.  Complaint, ¶¶ 13-15.  The Complaint is devoid of any allegation that any Defendant obtained confidential or trade secret information in Missouri, that any infringing products were sold in Missouri, or that any Defendant engaged in any action in Missouri.  As detailed in the Declarations, Mr. Funderlich and Mr. Simons each worked only in Pennsylvania.  Funderlich Declaration, ¶ 3, Ex. A, [D.E. __]; Simons Declaration, ¶ 3, Ex. A, [D.E. __].  Paradise Air Fresh, LLC, which was formed after Mr. Funderlich and Mr. Simons' employment with any Plaintiffs, has no offices in Missouri, has never sold any products in Missouri, and has never conducted any business in Missouri. Funderlich Declaration, ¶ 7 [D.E. __]; Simons Declaration, ¶ 6 [D.E. __].  Even assuming as true the allegations that Mr. Funderlich and Mr. Simons misappropriated trade secrets or used confidential information, they could only have obtained that information from Pennsylvania. Funderlich Declaration, ¶¶ 3-5 [D.E. __]; Simons Declaration, ¶¶ 3-5 [D.E. __].  Further, because Plaintiffs allege in the Complaint that *no* allegedly infringing products have been sold in the United States, no infringement could have occurred in this District.  Complaint, ¶ 53.

8

In a similar case, the Eighth Circuit recognized that the plaintiff's home district is not automatically proper venue in a Lanham Act case. *Woodke v. Dahm*, 70 F.3d 983, 986 (8th Cir. 1995). The court explained that, although the "'judicial district in which a substantial part of the events or omissions giving rise to the claim occurred'" could include the place where the alleged infringement occurred, the district of the plaintiff's residence was not necessarily the proper venue. *Id.* at 985 (quoting 28 U.S.C. § 1391(b)(2)). Allowing the plaintiff's residence to be proper venue "would work a transformation of the venue statute that Congress could not have intended." *Id.* Instead, the location where the events or omissions occurred relates to the "relevant activities of the *defendant*, not of the plaintiff." *Id.* (emphasis added). "[W]hile damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly." *Id.* In the absence of any evidence that a substantial parts of the events giving rise to the Lanham Act claim occurred in the plaintiff's home district, the district court properly dismissed the plaintiff's claims for improper venue. *Id.* at 985-86.

Similarly, here, in the absence of any allegations or evidence that Defendants committed any acts in this District, this Court should dismiss the Complaint for improper venue.

**B. Alternatively, venue should be transferred to the District Court for the Southern District of Florida.**

Alternatively, if this Court finds that venue is proper in this District, then pursuant to 28 U.S.C. § 1404, this Court should transfer venue to the District Court for the Southern District of Florida. Section 1404 permits a district court to transfer a case to another district. 28 U.S.C. § 1404(a). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the

convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997).  Courts considering a motion to transfer venue should engage in "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors."  *Id.*  "'Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one.'"  *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964)).

In this case, all Defendants are located in Florida, as well as witnesses and evidence related to Defendants' actions since the establishment of Paradise Air Fresh, LLC.  Complaint, ¶¶ 5-6, 8-9.  Witnesses and evidence related to Mr. Funderlich and Mr. Simons previous employment will be either in Pennsylvania, where Mr. Funderlich and Mr. Simons worked, or in Utah, at American Covers, LLC's principal place of business.  Declaration of Funderlich [D.E. __], ¶ 3; Declaration of Simons [D.E. __], ¶ 3; Complaint, ¶ 4.  Witnesses and evidence related to FRSH Scents, Ltd., is not located in the United States, so its location has little, if any, impact on the analysis.  Complaint, ¶¶ 50, 53.  The only evidence and witnesses located in this District are related to the Energizer Plaintiffs, whose nearly exclusive connection to this case comes from claimed damages.  Given the facts of this case, venue is more convenient in the Southern District of Florida, where the largest amount of evidence that is present in the United States is located. As a result, if this Court finds that dismissal is improper, this Court should transfer venue to the District Court for the Southern District of Florida.

10

## IV.    Plaintiffs fails to state a plausible claim for contributory unfair competition because the Complaint fails to allege any basis for direct unfair competition.

Plaintiffs' claim for Contributory Unfair Competition should be dismissed for failure to state a claim.  In a claim of contributory unfair competition under the Lanham Act, "'[t]here must be underlying direct infringement by someone other than the secondarily liable defendant in order to hold that defendant liable on a contributory infringement theory.'" *Phoenix Entm't Partners, LLC v. Kwench, LLC*, 306 F. Supp. 3d 1102, 1111 (E.D. Mo. 2018) (quoting *Phoenix Entm't Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 797 (S.D. Tex. 2017)).

Thus, for Plaintiffs to state a plausible claim for contributory unfair competition against Defendants, they must be able to state a plausible claim for direct unfair competition against FRSH Scents, Ltd., the alleged direct infringer.  However, FRSH Scents, Ltd., is a Hong-Kong entity that Plaintiffs even allege only sells allegedly infringing products in the United Kingdom. Complaint, ¶¶ 50, 53.  To state a claim against FRSH Scents, Ltd., then, Plaintiffs must establish that the Lanham Act governs activity occurring outside of the United States.

The Lanham Act only applies to activity occurring outside of the United States in limited circumstances.  *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286-87 (1952); see also 15 U.S.C. 1127 ("use in commerce" requirement only satisfied where the "goods are sold and transported in commerce"); *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 103 (2d Cir. 1998) (finding that advertising within the United States without any sales, "standing alone, did not constitute 'use' of the mark within the meaning of the Lanham Act.").  While the Eighth Circuit has not addressed this issue directly, the Second Circuit established three widely-followed "*Vanity Fair* factors" to apply when determining whether the Lanham Act should apply to conduct outside of the United States:

(1) whether the defendant's conduct has a substantial effect on United States commerce; (2) whether the defendant is a United States citizen—as the United

11

> States retains considerable power to regulate the conduct of its own citizens in foreign countries; and (3) whether resolving the dispute would not create a conflict with trademark rights already established under foreign law.

*Wal-Mart Stores, Inc. v. Case-Mate, Inc.*, 2017 WL 382243, at *3 (W.D. Ark. Jan. 25, 2017) ("In considering the extraterritorial application of the Lanham Act, as the Eighth Circuit's body of law in this area is not robust, the Court turns to a three-part test developed by the Second Circuit in the case of *Vanity Fair Mills, Inc. v. The T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956).").  Of the three factors, the second and third are "the most critical, such that 'the absence of one ... might well be determinative and that the absence of both is certainly fatal.'"  *Id.* (quoting *Vanity Fair*, 234 F.2d at 643, n. 13).

Additionally, mere advertising, without sales, does not constitute use in commerce under the Lanham Act.  In *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, the plaintiff did not claim that the defendant was selling "products within the United States but instead claims that defendant's advertisements, in foreign periodicals and its products appearance on websites, satisfies a claim for unfair competition."  672 F. Supp. 2d 106, 110 (D.D.C. 2009).  However, the court determined "that case law dictates that more than mere advertising is needed to constitute unfair competition."  *Id.*  The court recognized that, in extreme circumstances such as a massive advertising campaign, advertising could reach the level sufficient to constitute "use in commerce," but single instances of advertisements were insufficient.  *Id.*  Allegations only of a few advertisements and websites without sales in the United States was insufficient to "satisfy the threshold requirement of 'facial plausibility'" to state a claim for unfair competition under the Lanham Act.  *Id.* at 110-11.  As a result, the court dismissed the plaintiff's claim for unfair competition under the Lanham Act.  *Id.* at 111.

In *Vanity Fair*, the court explained that the Lanham Act should not "be applied to acts committed by a foreign national in his home country under a presumably valid trademark registration in that country."  243 F. 2d at 642.  Because the only sales at issue involved sales in another country, where the defendant already had a trademark registration, the court refused to apply the Lanham Act to acts that occurred outside of the United States.  234 F.2d at 646-47.

Similarly, Plaintiffs fails to state a plausible claim for contributory unfair competition against Defendants, because Plaintiffs fail to allege any plausible unfair competition by FRSH Scents, Ltd., a Hong-Kong entity.  Complaint, ¶ 50.  Plaintiffs' only allegation related to the sale of products by FRSH Scents, Ltd., is that sales are occurring in the United Kingdom.  Complaint, ¶¶ 50, 53.  However, FRSH Scents, Ltd., has registered both of the designs of which Plaintiffs complain in the European Union.  "FRSH Scents" mark, registration no. EU01701108, available at https://trademarks.ipo.gov.uk/ipo-tmcase/page/Results/4/EU017001108; "Calm scents" mark, registration no. EU017910503, available at https://trademarks.ipo.gov.uk/ipo-tmtext/page/Results.[4]  Further, Plaintiffs recognize that FRSH Scents, Ltd., has also applied to register the same designs in the United States.[5]  Complaint, ¶ 52.  To the extent Plaintiffs rely on the single event of advertising at a single trade show in Las Vegas, Nevada, the advertisements,

---

[4] This Court may take judicial notice of the trademark registration pursuant to Fed. R. Evid. 201. *GT Beverage Co. LLC v. Coca Cola Co.*, 2010 WL 11595832, at *2 (C.D. Cal. Aug. 2, 2010) (taking judicial notice of, among other things, "the European Trademark Registrations" as a matter of public record).  *See Duluth News-Tribune, a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093, 1096 n. 2 (8th Cir. 1996); *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, 2018 WL 5828687, at *3 (W.D. Mo. Aug. 14, 2018) ("Trademark registrations are public records and the Court may take judicial notice of them.").

[5] The applications with the United States Patent and Trademark Office contradict Plaintiffs' allegations and misleading title that the FRSH Scents, Ltd., marks infringe on Plaintiffs' marks, because rather than "leaf designs," as Plaintiffs allege, the applications clearly describe the designs as "Fire (flames), emanating from objects, words or numbers."  *See* FRSH Scents App. No. 88138335 and Calm Scents App. No. 88138312.

alone, are insufficient to state a claim for unfair competition.  Complaint, ¶ 53; *Guantanamera*, 672 F. Supp. 2d at 110-11.

Thus, the allegations in the Complaint, combined with the European trademark registrations of which this Court may take judicial notice, establish that none of the *Vanity Fair* factors apply to the alleged unfair competition in this case.  (1) the complete absence of sales in the United States by FRSH Scents, Ltd., demonstrates minimal, if any, effect on United States commerce, (2) FRSH Scents, Ltd., is not a United States citizen, (3) Plaintiffs' only allegation related to sales by FRSH Scents, Ltd., is that sales are occurring in the United Kingdom, where FRSH Scents, Ltd., has a valid trademark.  Just as in *Vanity Fair*, the only sales at issue in this case are made in a foreign country, by a foreign entity, under a valid foreign trademark, and thus, this Court should not apply the Lanham Act extraterritorially to the allegedly infringing actions. In the absence of any direct unfair competition, Plaintiffs cannot state a claim against Defendants for contributory unfair competition.  *Phoenix Entm't*, 306 F. Supp. 3d at 1111.

## V.    The Energizer Plaintiffs lack standing to bring breach of contract claims because they are not parties to the contracts at issue.

Plaintiffs' Fifth Cause of Action for Breach of Contract and Sixth Cause of Action for Breach of Covenant of Good Faith and Fair Dealing must be dismissed as to the Energizer Plaintiffs because the Energizer Plaintiffs are not parties to the Confidentiality Agreement with any Defendants.  *Holmes Dev., LLC v. Cook*, 2002 UT 38, ¶ 53, 48 P.3d 895, 908 ("Generally, unless a plaintiff can recover on a contract as a third-party beneficiary or an assignee, only parties to a contract can bring suit under the contract.").[6]

---

[6] The Confidentiality Agreements are subject to Utah law. Complaint, ¶ 37; Funderlich Declaration, ¶ 3, Ex. A ¶ 20, [D.E. __].

14

Although Plaintiffs attempt to obfuscate the contractual relationship between Mr. Funderlich and Mr. Simons and Plaintiffs by referring to all three Plaintiffs as "Energizer," neither of the individual defendants entered into a confidentiality agreement with the Energizer Plaintiffs.  Instead, as Plaintiffs concede, and is evident from the Confidentiality Agreement, the contractual relationship only with American Covers, Inc., now American Covers, LLC.  Complaint, ¶ 33[7]; Funderlich Declaration, Ex. A, [D.E. __].  As a result, the Fifth Cause of Action for Breach of Contract and Sixth Cause of Action for Breach of Covenant of Good Faith and Fair Dealing must be dismissed for lack of standing as to the Energizer Plaintiffs.

## VI.    There is no claim for common law contributory trademark infringement and unfair competition under Missouri law.

No Missouri court has recognized a cause of action for common law contributory trademark infringement and unfair competition, and thus, Plaintiffs' Seventh Cause of Action should be dismissed.  Additionally, to the extent this Court assumes that Missouri may recognize this cause of action, this Court has previously found that when the federal claim fails, the state claim must also fail.  *Energizer Brands, LLC v. Proctor & Gamble Co.*, 2017 WL 4865921, at *6 (E.D. Mo. Oct. 27, 2017).

## CONCLUSION

For all the grounds set forth in this motion, this Court should dismiss Plaintiffs' Complaint, or, in the alternative, transfer venue to the District Court for the Southern District of Florida.

---

[7] Plaintiffs' reference to American Covers, Inc., as "Energizer's predecessor in interest" (Complaint, ¶ 33) is yet another attempt by Plaintiffs to obscure the facts, because American Covers, Inc., was only the predecessor in interest of American Covers, LLC, a Utah limited liability company.  Complaint, ¶ 4.

Dated June 20, 2019

/s/ Matthew A. Jacober
Matthew A. Jacober (MO. 51585)
LATHROP GAGE LLP
7701 Forsyth Blvd.
Suite 500
Clayton, MO 63105
Telephone: (314) 613-2845
Email:  mjacober@lathropgage.com

Michael W. Marcil*
GUNSTER, YOAKLEY & STEWART, P.A.
450 East Las Olas Blvd.
Suite 1400
Ft. Lauderdale, FL 33001-4206
Telephone:  (954) 462-2000
Email:  MMarcil@gunster.com

Christopher Benvenuto*
John W. Terwilleger*
GUNSTER, YOAKLEY & STEWART, P.A.
777 South Flagler Drive
Suite 500 East
West Palm Beach, FL 33401
Telephone:  (561) 655-1980
Email:  CBenvenuto@gunster.com
            JTerwilleger@gunster.com
(*pro hac vice forthcoming)

*Counsel for Defendants Paradise Air Fresh,
LLC, Marc Funderlich and Ryan Simons*

16

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 20, 2019, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF.

Herb R. Giorgia Jr.                         herb.giorgio@bclplaw.com
Matthew G. Minder                       matt.minder@bclplaw.com
William H. Brewster                     bbrewster@kilpatricktownsend.com
Jennifer Fairbarin Deal                 jdeal@kilpatricktownsend.com
BRYAN CAVE LEIGHTON PAISNER LLP

*Attorneys for Plaintiffs Energizer Brands II LLC,*
*Energizer Holdings, Inc., and American Covers,*
*LLC*

*/s/ Matthew A. Jacober*_____
*Counsel for Defendants Paradise Air Fresh,*
*LLC, Marc Funderlich and Ryan Simons*

17