**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ENERGIZER BRANDS II LLC, | ) | |
| ENERGIZER HOLDINGS, INC., | ) | |
| ENERGIZER MANUFACTURING, | ) | |
| INC. and AMERICAN COVERS, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | **Case No. 4:19-cv-00429-JCH** |
| | ) | |
| v. | ) | |
| | ) | |
| PARADISE AIR FRESH, LLC, MARC | ) | |
| FUNDERLICH, and RYAN SIMONS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS, PARADISE AIR FRESH, LLC, MARC FUNDERLICH AND RYAN SIMONS' MOTION TO DISMISS AMENDED COMPLAINT [D.E. 24] AND MEMORANDUM OF LAW**

## TABLE OF CONTENTS

Table of Contents ...............................................................................................................ii

Table of Authorities...........................................................................................................iii

    Cases .............................................................................................................................iii

    Other Authorities..........................................................................................................iv

Motion ................................................................................................................................1

Introduction ........................................................................................................................1

Memorandum of Law ..........................................................................................................2

I.    Standard On A Motion To Dismiss .........................................................................2

II.    Plaintiffs fail to allege facts sufficient to establish personal jurisdiction in this Court....................3

III.    Venue is improper in this District...........................................................................9

    A.    The Amended Complaint should be dismissed for improper venue.............................9

    B.    Alternatively, venue should be transferred to the District Court for the Southern District of Florida. ..............................................................................................11

IV.    Plaintiffs fail to state a plausible claim for contributory unfair competition because the Amended Complaint fails to allege any basis for direct unfair competition. ..........................................12

V.    There is no claim for common law contributory trademark infringement and unfair competition under Missouri law.....................................................................................15

Conclusion ........................................................................................................................15

**CERTIFICATE OF SERVICE** ....................................................................................17

# TABLE OF AUTHORITIES

## Cases

**Page(s)**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ........................................................................................................3

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007) ........................................................................................................3

*Buti v. Perosa, S.R.L.,*
139 F.3d 98 (2d Cir. 1998) .....................................................................................12-13

*Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.,*
127 F. Supp. 3d 1020 (E.D. Mo. 2015) ...........................................................................4

*Duluth News-Tribune, a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.,*
84 F.3d 1093 (8th Cir. 1996) ..........................................................................................14

*FCStone LLC v Buckley,*
760 F.3d 816 (8th Cir. 2014) ......................................................................................5-6, 7

*Fastpath, Inc. v. Arbela Techs. Corp.,*
864 F. Supp. 2d 816, 818 (S.D. Iowa 2012) ................................................................2-3

*Energizer Brands, LLC v. Proctor & Gamble Co.,*
2017 WL 4865921 (E.D. Mo. Oct. 27, 2017) ................................................................15

*GT Beverage Co. LLC v. Coca Cola Co.,*
2010 WL 11595832 (C.D. Cal. Aug. 2, 2010) ..............................................................14

*Guantanamera Cigar Co. v. Corporacion Habanos, S.A.,*
672 F. Supp. 2d 106 (D.D.C. 2009) .........................................................................13-14

*Hallmark Indus., Inc. v. Hallmark Licensing, LLC,*
2018 WL 5828687 (W.D. Mo. Aug. 14, 2018) ..............................................................14

*In re Apple, Inc.,*
602 F.3d 909, 912 (8th Cir. 2010) ..................................................................................11

*Johnson v. Arden,*
614 F.3d 785 (8th Cir. 2010) .....................................................................................3-4, 7

*McBee v. Delica Co.,* 417 F.3d 107 (1st Cir. 2005) ..................................................................15

*Pangaea, Inc. v. Flying Burrito LLC,*
    647 F.3d 741 (8th Cir. 2011) ................................................................................ 4, 5, 6

*Phoenix Entm't Partners, LLC v. Kwench, LLC,*
    306 F. Supp. 3d 1102 (E.D. Mo. 2018) ................................................................ 12, 15

*Steele v. Bulova Watch Co.,*
    344 U.S. 280 (1952) ............................................................................................... 12

*Terra Int'l, Inc. v. Mississippi Chem. Corp.,*
    119 F.3d 688 (8th Cir. 1997) ................................................................................... 11

*Vanity Fair Mills, Inc. v. The T. Eaton Co.,*
    234 F.2d 633 (2d Cir. 1956) ...................................................................... 11, 12, 13, 14

*Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG,*
    646 F.3d 589 (8th Cir. 2011) .................................................................................. 4, 5

*Wal-Mart Stores, Inc. v. Case-Mate, Inc.,*
    2017 WL 382243 (W.D. Ark. Jan. 25, 2017) ............................................................. 13

*Woodke v. Dahm,*
    70 F.3d 983 (8th Cir. 1995) .................................................................................... 10

### Other Authorities

28 U.S.C. § 1391(b)(2) ...................................................................................... 9, 10

28 U.S.C. § 1404 ................................................................................................ 11

Fed. R. Civ. P. 12(b) ........................................................................................... 1, 9

iv

## MOTION

Defendants, Paradise Air Fresh, LLC ("Paradise Air") Marc Funderlich and Ryan Simons (collectively, "Defendants"), move pursuant to Federal Rule of Civil Procedure 12(b), for the entry of an order dismissing the Amended Complaint [D.E. 24][1], or in the alternative, for entry of an order transferring this action to the District Court for the Southern District of Florida, and say:

## INTRODUCTION

Mr. Funderlich and Mr. Simons are former employees of some of the Plaintiffs.  After leaving their employment, Mr. Funderlich and Mr. Simons chose to open their own business, using knowledge gained throughout their careers (pre-dating their employment at any Plaintiff), and using technology and information readily available on the market to create Paradise Air, a company that manufactures scented products for vehicles, homes and workplaces.  Sensing a budding competitor, Plaintiffs[2] are attempting to use spurious Lanham Act and trade secret claims to manufacture a non-competition agreement long after Mr. Funderlich and Mr. Simons left any Plaintiffs' employ.  It is undisputed that no such employment agreement exists that restricts Mr. Funderlich and Mr. Simons' ability to compete with Plaintiffs.[3]

Plaintiffs' primary claim involves contributory unfair competition, even though Plaintiffs bring no claims against the company that Plaintiffs allege is actually using the infringing mark, FRSH Scents, Ltd. ("FRSH Scents").  Plaintiffs bring the claim despite failing to allege that a single allegedly infringing product has ever been sold in the United States.  Rather, Plaintiffs allege that the allegedly infringing products are sold in the United Kingdom and, through their presence on Amazon's United Kingdom website ("Amazon UK"), they could potentially be purchased in the

---

[1] The First Amended Complaint will be referred to as either "Amended Complaint" or "A.C."
[2] Collectively, Energizer Brands II, LLC, Energizer Holdings, Inc., and Energizer Manufacturing, Inc., will be referred to as "Energizer Plaintiffs," and the Energizer Plaintiffs and American Covers, LLC will be referred to as "Plaintiffs."
[3] Mr. Funderlich refused to sign a non-competition agreement when requested by Plaintiffs.

1

United States.  Importantly, none of the products that Defendants manufacture are even available on Amazon UK.  FRSH Scents has a trademark in the United Kingdom for the very marks that Plaintiffs claim infringe their own.  Plaintiffs then go on to make claims related to "confidentiality agreements," from which they quote (but do not attach), between American Covers and Mr. Funderlich and Mr. Simons, attempting to transform these agreement into a permanent prohibition on Mr. Funderlich and Mr. Simons' ability to ever compete in the same business as any of Plaintiffs.

Further demonstrating the clear purpose of this claim – harassing a new competitor – Plaintiffs bring the claims in the Eastern District of Missouri, whose only connection to this case is that it is the principal place of business of the Energizer Plaintiffs.  Mr. Funderlich and Mr. Simons are each Florida residents.  Defendant, Paradise Air, has its principal place of business in Florida, does not have any offices in Missouri, and has not sold any products in Missouri.

The Amended Complaint must be dismissed for lack of personal jurisdiction and improper venue, because none of the acts or omissions alleged in the Amended Complaint occurred in this District, Defendants are not subject to the Missouri long-arm statute, and Defendants do not have minimum contacts with the State of Missouri.  The First, Seventh and Eighth Causes of Action must also be dismissed for failure to state a claim because Plaintiffs fail to meet the minimum level of pleading to state those claims.

## MEMORANDUM OF LAW

### I.    Standard On A Motion To Dismiss

The motion to dismiss standard is well-established.   "When personal jurisdiction is challenged by a defendant, the plaintiff bears the burden to show that jurisdiction exists.  To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a prima facie showing of personal jurisdiction over the challenging defendant."  *Fastpath, Inc. v. Arbela*

*Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (internal citations omitted).  The court may consider affidavits and exhibits supporting or opposing the motion.  *Id.*

"[T]o survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  While the court should "assume [the] veracity" of well-pleaded factual allegations, the allegations must consist of more than mere labels, legal conclusions, or "formulaic recitation of the elements of a cause of action," and bare legal conclusions are "not entitled to the assumption of truth." *Id.* at 678-79. Plaintiffs must plead more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. When the allegations in a complaint "could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

## II.     Plaintiffs fail to allege facts sufficient to establish personal jurisdiction in this Court.

The Amended Complaint lacks the necessary allegations to establish personal jurisdiction over the Defendants in Missouri, but even if the Amended Complaint included the necessary allegations, the facts as established by the Declarations of Marc Funderlich, [D.E. __] ("Funderlich Dec.") and of Ryan Simons, [D.E. __] ("Simons Dec."), demonstrate that this Court may not exercise personal jurisdiction over the Defendants.

> In Missouri, to obtain personal jurisdiction over a non-resident defendant, "the plaintiff must make a prima facie showing that (1) the cause of action arose out of an activity covered by Missouri's long-arm statute, ... and (2) the defendant had sufficient minimum contacts with Missouri to satisfy the requirements of due process."

*Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010) (quoting *In re Marriage of Berry*, 155 S.W.3d 838, 840 (Mo. Ct. App. 2005)).

"In a diversity suit, a federal court may exercise jurisdiction over a nonresident defendant only if the requirements of the forum state's long-arm statute are met and the exercise of jurisdiction comports with due process." *Pangaea, Inc. v. Flying Burrito LLC*, 647 F.3d 741, 745 (8th Cir. 2011). "In order to satisfy the due process clause, a defendant must have 'minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' The defendant's 'contacts' with the forum state generally must not arise due to mere fortuity, but must arise because the defendant has 'purposefully availed' itself of the privilege of conducting activities in the state." *Id.* (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316, (1945) (internal citation omitted)); *Clockwork IP, LLC v. Clearview Plumbing & Heating Ltd.*, 127 F. Supp. 3d 1020, 1026 (E.D. Mo. 2015) ("'The fundamental inquiry is whether the defendant has 'purposefully availed' itself of the 'benefits and protections' of the forum state," "to such a degree that it 'should reasonably anticipate being haled into court there.'" (quoting *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011) (internal citation omitted)). In considering whether the defendant's contacts with a forum state are sufficient, the court must consider five factors: "(1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of Missouri in providing a forum for its residents; and (5) the convenience or inconvenience to the parties." *Johnson*, 614 F. 3d at 794. The first three factors are "primary," and the final two are "secondary." *Id.*

Only specific jurisdiction is pled here. A.C. ¶¶ 13-19. "Specific jurisdiction is proper 'only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state, meaning that the defendant purposely directed its activities at the forum state and the claim arose out of or relates to those activities.'" *Id.* at 795 (quoting *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th

Cir. 2008)).  When specific jurisdiction is asserted based on acts that occurred outside of the forum

state, the standard is even higher, and requires that Plaintiffs satisfy three elements:

> Due process allows a state to assert personal jurisdiction over a defendant based on
> the in-state effects of defendants' extraterritorial tortious acts only if those acts "(1)
> were intentional, (2) were uniquely or expressly aimed at the forum state, and (3)
> caused harm, the brunt of which was suffered—and which the defendant knew was
> likely to be suffered—[in the forum state]."

*Viasystems*, 646 F.3d at 594 (quoting *Johnson*, 614 F. 3d at 796).

In *Pangaea*, a trademark infringement case, the defendants' (an Iowa corporation and its

owner) sole contact with the forum state, Arkansas, was a single meeting in which the defendants

sought to obtain permission to use the plaintiff's trademark. 647 F.3d at 746. The Eighth Circuit

affirmed the trial court's finding that the single contact in Arkansas, which was not related to the

alleged trademark infringement, was not sufficient to establish minimum contacts.  *Id.* at 747.

Similarly, in *Viasystems*, the defendant's only contacts with Missouri were "scattered e-mails,

phone calls, and a wire-transfer of money to Viasystems in Missouri," and the defendant's refusal to

pay the plaintiff's "replacement costs in full" for defective cooling fans. *Viasystems*, 646 F.3d at 594.

These were not sufficient to establish minimum contacts with Missouri.  *Id.* at 594-95.

In *FCStone LLC v Buckley*, the plaintiff, an Iowa LLC, brought claims for breach of

employment agreements and misappropriation of trade secrets against its former, and out-of-state,

employees. 864 F. Supp. 2d 816, 818 (S.D. Iowa 2012). The plaintiff argued that the defendants were

subject to personal jurisdiction because they were causing harm to the plaintiff in Iowa, they

allegedly sent emails containing the trade secrets through the plaintiff's servers in Iowa, made phone

calls into Iowa, and one of the employment agreements had an Iowa choice-of-law provision.  *Id.* at

825.  The court, applying the Eighth Circuit's minimum contacts factors, explained that "[t]he nature

of Defendants' contacts are minimal, consisting of emails, phone calls, and one choice-of-law

clause." *Id.* It recognized that the choice-of-law provision in one of the agreements that elected Illinois law weighed against personal jurisdiction in Iowa. *Id.* It found that "[t]hese attenuated contacts fail to demonstrate the requisite purposefully established minimum contacts." *Id.* Addressing the plaintiff's incorporation in Iowa, the court explained that "the fact that [plaintiff] is incorporated in Iowa proves insufficient to establish personal jurisdiction, as the company clearly conducts normal operations with employees elsewhere." *Id.* As a result, due process prohibited the court from exercising personal jurisdiction over the out-of-state former employees. *Id.* at 825-26.

Similarly, Defendants do not have minimum contacts with Missouri. Although Plaintiffs amended the Complaint to include new allegations related to Defendants' supposed contacts with Missouri, these allegations still fail to establish minimum contacts. A.C., ¶¶ 13-19. Plaintiffs continue to rely on the Energizer Plaintiffs' presence in Missouri, and the supposed harm they will suffer in Missouri, but, as the courts in *FCStone* and *Pangaea* found, the plaintiff's mere presence in a state does not establish personal jurisdiction. A.C. ¶¶ 13-14. Plaintiffs allege that Mr. Funderlich and Mr. Simons misappropriated confidential and trade secret information of Energizer Holdings and Energizer Manufacturing, which are incorporated in Missouri, and that Mr. Funderlich and Mr. Simons breached confidentiality agreements with American Covers (whose principal place of business is Utah). A.C. ¶¶ 15-16. However, this allegation is little more than a reiteration that the harm will occur in Missouri. The confidentiality agreements Plaintiffs allege Mr. Funderlich and Mr. Simons breached were entered into in Pennsylvania. Funderlich Dec., ¶ 4, Ex. A, [D.E. ___][4]. Additionally, Plaintiffs allege that the confidentiality agreement has a Utah choice of law provision, which weighs against the exercise of personal jurisdiction in Missouri. A.C. ¶ 53; *FCStone*, 864 F. Supp. 2d at 825.

---

[4] While Defendants accept the allegation that Mr. Simons entered into a confidentiality agreement as true for purposes of this Motion, Mr. Simons does not possess a copy of the alleged agreement.

The only allegations that involve Defendants, rather than the supposed harm to Plaintiffs, are insufficient to establish minimum contacts. Plaintiffs allege that (1) Mr. Funderlich and Mr. Simons travelled to Missouri "regarding the integration of American Covers after Energizer acquired it"; (2) Mr. Funderlich and Mr. Simons "received paychecks from Missouri-based Energizer Manufacturing"; and (3) Mr. Funderlich and Mr. Simons called, communicated and worked with Plaintiffs' employees in Missouri. A.C.  ¶¶ 17-19. As explained in their Declarations, Mr. Funderlich and Mr. Simons each made a single trip to Missouri in September 2016, shortly after Energizer Holdings acquired American Covers, to help with the integration of American Covers into Energizer Holdings. Funderlich Dec., ¶¶ 6-7 [D.E. __]; Simons Dec., ¶¶ 4-5 [D.E. __]. Both Mr. Simons and Mr. Funderlich were in Missouri for less than seven days, with Mr. Funderlich dividing his visit with a return to his home for the weekend. *Id.* Each received paychecks from California Scents, mailed from Draper, Utah. Funderlich Dec., ¶ 5 [D.E. __]; Simons Dec., ¶ 6 [D.E. __]. The phone calls in which Mr. Funderlich and Mr. Simons participated included persons from numerous states and even other countries. Funderlich Dec., ¶ 8 [D.E. __]; Simons Dec., ¶ 7 [D.E. __]; A.C. ¶¶ 38, 42 (". . . participated in team teleconferences with global business leaders, *including*, those located in Missouri" (emphasis added)). These allegations, like those in *FCStone*, are insufficient to establish minimum contacts.  864 F. Supp. 2d at 825.  Notably missing from these allegations are any related to Paradise Air or the unfair competition and trade secrets claims.  Indeed, there are no allegations that Paradise Air ever did anything remotely connected to Missouri. The only allegations related to Missouri, other than harm to the Energizer Plaintiffs, occurred *before* Paradise Air was even formed. A.C. ¶ 54.

Applying the Eighth Circuit's five factors from *Johnson* demonstrates the absence of minimum contacts.  The first three, "primary" factors show no minimum contacts: Paradise Air is a Florida LLC that has no offices in Missouri, has never engaged in business in Missouri, including

7

any sales, and did not exist when the alleged misappropriation of trade secrets occurred, and Mr. Funderlich and Mr. Simons currently live in Florida and lived and worked in Florida or Pennsylvania during their employment with Plaintiffs. Funderlich Dec., ¶¶ 2-3, 5, 9-11 [D.E. __]; Simons Dec., ¶¶ 2-3, 5, 8-10 [D.E. __]. Their single, less than seven day visit to Missouri and limited phone calls that included persons in Missouri, among other places, during the few months after Energizer Holdings acquired American Covers are minimal. Further, except for the Energizer Plaintiff's residence in Missouri, there is no relationship between the causes of action and Missouri. FRSH Scents is a Hong Kong company selling products in the United Kingdom (A.C. ¶¶ 66, 75), and even accepting as true Plaintiffs' allegations that Mr. Funderlich and Mr. Simons used confidential and trade secret information to assist FRSH Scents, there is no allegation that this occurred during their employment with any Plaintiff, or that it occurred in Missouri. Any information Mr. Funderlich or Mr. Simons allegedly acquired from any Plaintiff would have had to have occurred outside of Missouri, while they were working in Pennsylvania or Florida.  A.C. ¶¶ 35, 39, 82-83; Funderlich Dec., ¶ 3 [D.E. __]; Simons Dec., ¶ 3 [D.E. __].

The final two factors also weigh against minimum contacts with Missouri. While Missouri may have a general interest in providing a forum for its residents, that general interest does not override Defendants' constitutional due process rights. It may be convenient for Plaintiffs to sue in Missouri, but Energizer is a national company, and it is far more inconvenient for Defendants to defend in a state with which they have no contacts, when the majority of evidence is either in Florida or overseas, where the allegedly infringing products are sold by the alleged direct infringers.

Thus, the Amended Complaint and the facts underlying the Amended Complaint as demonstrated by the Declarations clearly show that Plaintiffs have failed to make a prima facie case establishing personal jurisdiction over Defendants in this District.

III.    **Venue is improper in this District.**

    A.  **The Amended Complaint should be dismissed for improper venue.**

       The allegations in the Amended Complaint demonstrate that none of the actions or omissions giving rise to the claims in this case occurred in this district, and therefore, venue is improper. Fed. R. Civ. P. 12(b)(3). Plaintiffs make the unsupported and conclusory assertion that "[v]enue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), in that, on information and belief, a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this judicial district." A.C., ¶ 20. Plaintiffs then make the obfuscatory assertion that "[t]he misappropriated information used to harm Energizer, in part, originated from and/or *is located in* this judicial district." *Id.* (emphasis added). It is unclear whether this sentence means that the allegedly misappropriated information is currently in this district but was misappropriated from somewhere else, or whether the information was misappropriated from this judicial district and still resides in the district. Further, the sentence does not even state whether the "misappropriated information" was subject to any protection, either as confidential or trade secret or otherwise. Finally, as explained in Section II, the factual allegations in the Amended Complaint, as well as the Declarations, show that, even assuming information was misappropriated, it was misappropriated in Pennsylvania or Florida where Mr. Funderlich and Mr. Simons lived and worked. A.C. ¶¶ 35, 39, 82-83, Funderlich Dec., ¶ 3 [D.E. __]; Simons Dec., ¶ 3 [D.E. __].  And this allegation cannot apply to Paradise Air, which did not exist when the information was allegedly misappropriated.  A.C. ¶ 54.

       However, the Amended Complaint is devoid of any factual allegations that any actions or omissions occurred in this District, including the numerous bare allegations that are made only "on information and belief." Instead, Plaintiffs conclusorily allege that unfair competition, use of confidential information, and misappropriation of trade secrets will cause harm to the Energizer Plaintiffs (based in Missouri), and American Covers, a Utah LLC. A.C., ¶¶ 5, 13-16. The Complaint

is devoid of any allegation that any Defendant obtained confidential or trade secret information in Missouri, that any infringing products were sold in Missouri, or that, except for a single visit and a few phone calls including people in numerous locations, any Defendant acted in Missouri. Mr. Funderlich worked only in Pennsylvania. Funderlich Dec., ¶ 3, [D.E. __]. Mr. Simons worked only in Florida and Pennsylvania. Simons Dec., ¶ 3, [D.E. __]. Paradise Air, which was formed after Mr. Funderlich and Mr. Simons' employment with any Plaintiffs, has no offices in Missouri, has never sold any products in Missouri, and has never conducted any business in Missouri. Funderlich Dec., ¶ 11 [D.E. __]; Simons Dec., ¶10 [D.E. __]. Even assuming as true the allegations that Mr. Funderlich and Mr. Simons misappropriated trade secrets or used confidential information, they could only have obtained that information from Pennsylvania or Florida. Funderlich Dec., ¶3 [D.E. __]; Simons Dec., ¶ 3 [D.E. __]. Further, because Plaintiffs fail to allege that any allegedly infringing products have been sold in the United States, no infringement could have occurred in this District. *See* A.C.

In a similar case, the Eighth Circuit recognized that the plaintiff's home district is not automatically proper venue in a Lanham Act case. *Woodke v. Dahm*, 70 F.3d 983, 986 (8th Cir. 1995). The court explained that, although the "'judicial district in which a substantial part of the events or omissions giving rise to the claim occurred'" could include the place where the alleged infringement occurred, the district of the plaintiff's residence was not necessarily the proper venue. *Id.* at 985 (quoting 28 U.S.C. § 1391(b)). Allowing the plaintiff's residence to be proper venue "would work a transformation of the venue statute that Congress could not have intended." *Id.* The location where the events or omissions occurred relates to the "relevant activities of the defendant, not of the plaintiff." *Id.* "[W]hile damages or potential adverse economic effect are a necessary part of a Lanham Act claim, if Congress had wanted to lay venue where the plaintiff was residing when he was injured, it could have said so expressly." *Id.* In the absence of any evidence that a substantial

part of the events giving rise to the Lanham Act claim occurred in the plaintiff's home district, the district court properly dismissed the plaintiff's claims for improper venue. *Id.* at 985-86.

Similarly, here, in the absence of any allegations or evidence that Defendants committed any acts in this District, this Court should dismiss the Complaint for improper venue.

**B. Alternatively, venue should be transferred to the District Court for the Southern District of Florida.**

Alternatively, if this Court finds venue is proper in this District, then this Court should transfer venue to the District Court for the Southern District of Florida. 28 U.S.C. § 1404(a). "The statutory language reveals three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Courts considering a motion to transfer venue should use "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* "'Congress, in passing § 1404(a), was primarily concerned with the problems arising where, despite the propriety of the plaintiff's venue selection, the chosen forum was an inconvenient one.'" *In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964)).

All Defendants reside in Florida, as well as witnesses and evidence related to Defendants' actions since the establishment of Paradise Air. A.C. ¶¶ 6, 9-10. Witnesses and evidence related to Mr. Funderlich and Mr. Simons previous employment will be in Pennsylvania and Florida, where Mr. Funderlich and Mr. Simons worked. Funderlich Dec., ¶ 3 [D.E. __]; Simons Dec., ¶ 3 [D.E. __]; A.C., ¶ 5. Witnesses and evidence related to FRSH Scents is not located in the United States, so its location has little, if any, impact on the analysis. A.C. ¶¶ 66, 75. The only evidence and witnesses located in this District are related to the Energizer Plaintiffs, whose nearly exclusive connection to this case comes from claimed damages. Given the facts of this case, venue is more convenient in the

Southern District of Florida, where the largest amount of evidence that is present in the United States is located. As a result, if this Court finds that dismissal is improper, this Court should transfer venue to the District Court for the Southern District of Florida.

**IV.**     **Plaintiffs fail to state a plausible claim for contributory unfair competition because the Amended Complaint fails to allege any basis for direct unfair competition.**

Plaintiffs' First and Eighth Causes of Action should be dismissed for failure to state a claim. In a claim of contributory unfair competition under the Lanham Act, "'[t]here must be underlying direct infringement by someone other than the secondarily liable defendant in order to hold that defendant liable on a contributory infringement theory.'" *Phoenix Entm't Partners, LLC v. Kwench, LLC*, 306 F. Supp. 3d 1102, 1111 (E.D. Mo. 2018) (quoting *Phoenix Entm't Partners LLC v. Boyte*, 247 F. Supp. 3d 791, 797 (S.D. Tex. 2017)).

Thus, for Plaintiffs to state a plausible claim for contributory unfair competition against Defendants, they must be able to state a plausible claim for direct unfair competition against FRSH Scents, the alleged direct infringer. FRSH Scents is a Hong-Kong entity that Plaintiffs allege sells infringing products in the United Kingdom, that someone may be able to purchase, potentially, on Amazon UK, and that appeared at a single trade show in Las Vegas, Nevada in 2018. A.C. ¶¶ 66, 69-70, 75. Plaintiffs do not allege that any sales have occurred in the United States. *See* A.C. To state a claim against FRSH Scents, then, Plaintiffs must establish that the Lanham Act governs activity occurring outside of the United States.

The Lanham Act only applies to activity occurring outside of the United States in limited circumstances. *Steele v. Bulova Watch Co.*, 344 U.S. 280, 286-87 (1952); *see also* 15 U.S.C. 1127 ("use in commerce" requirement only satisfied where the "goods are sold and transported in commerce"); *Buti v. Perosa, S.R.L.*, 139 F.3d 98, 103 (2d Cir. 1998) (finding that advertising within the United States without any sales, "standing alone, did not constitute 'use' of the mark within the meaning of

12

the Lanham Act."). While the Eighth Circuit has not addressed this issue directly, the Second Circuit established three widely-followed "*Vanity Fair* factors" to apply when determining whether the Lanham Act should apply to conduct outside of the United States:

> (1) whether the defendant's conduct has a substantial effect on United States commerce; (2) whether the defendant is a United States citizen—as the United States retains considerable power to regulate the conduct of its own citizens in foreign countries; and (3) whether resolving the dispute would not create a conflict with trademark rights already established under foreign law.

*Wal-Mart Stores, Inc. v. Case-Mate, Inc.*, 2017 WL 382243, at \*3 (W.D. Ark. Jan. 25, 2017) ("In considering the extraterritorial application of the Lanham Act, as the Eighth Circuit's body of law in this area is not robust, the Court turns to a three-part test developed by the Second Circuit in the case of *Vanity Fair Mills, Inc. v. The T. Eaton Co.*, 234 F.2d 633 (2d Cir. 1956).").  Of the three factors, the second and third are "the most critical, such that 'the absence of one ... might well be determinative and that the absence of both is certainly fatal.'"  *Id.* (quoting *Vanity Fair*, 234 F.2d at 643, n. 13).

Additionally, mere advertising, without sales, does not constitute use in commerce under the Lanham Act.  In *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.*, the plaintiff did not claim that the defendant was selling "products within the United States but instead claims that defendant's advertisements, in foreign periodicals and its products appearance on websites, satisfies a claim for unfair competition." 672 F. Supp. 2d 106, 110 (D.D.C. 2009). However, the court determined "that case law dictates that more than mere advertising is needed to constitute unfair competition."  *Id.* The court recognized that, in extreme circumstances such as a massive advertising campaign, advertising could reach the level sufficient to constitute "use in commerce," but single instances of advertisements were insufficient.  *Id.*  Allegations of a few advertisements and websites without sales in the United States was insufficient to "satisfy the threshold requirement of 'facial plausibility'" to

state a claim for unfair competition under the Lanham Act.  *Id.* at 110-11.  As a result, the court

dismissed the plaintiff's claim for unfair competition under the Lanham Act.  *Id.* at 111.

In *Vanity Fair*, the court explained that the Lanham Act should not "be applied to acts

committed by a foreign national in his home country under a presumably valid trademark

registration in that country."  243 F. 2d at 642.  Because the only sales at issue involved sales in

another country, where the defendant already had a trademark registration, the court refused to

apply the Lanham Act to acts that occurred outside of the United States.  234 F.2d at 646-47.

Similarly, Plaintiffs fail to state a plausible claim for contributory unfair competition against

Defendants, because Plaintiffs fail to allege any plausible unfair competition by FRSH Scents. A.C.,

¶ 66. Plaintiffs' only allegation related to product sales by FRSH Scents is that sales are occurring in

the United Kingdom. A.C., ¶ 75. However, FRSH Scents has registered both of the designs of which

Plaintiffs complain in the European Union. "FRSH Scents" registration no. EU01701108;[5] "Calm

scents" registration no. EU017910503[6].[7] Further, Plaintiffs recognize that FRSH Scents has also

applied to register the designs in the United States.[8] A.C., ¶ 68. To the extent Plaintiffs rely on

advertising at a single trade show in Las Vegas, the advertisements, alone, are insufficient to state a

claim for unfair competition. A.C., ¶ 70; *Guantanamera*, 672 F. Supp. 2d at 110-11.

---

[5] Available at https://trademarks.ipo.gov.uk/ipo-tmcase/page/Results/4/EU017001108.

[6] Available at https://trademarks.ipo.gov.uk/ipo-tmcase/page/Results/4/EU017910503.

[7] This Court may take judicial notice of the trademark registration pursuant to Fed. R. Evid. 201.
*GT Beverage Co. LLC v. Coca Cola Co.*, 2010 WL 11595832, at *2 (C.D. Cal. Aug. 2, 2010) (taking
judicial notice of, among other things, "the European Trademark Registrations" as a matter of
public record).  *See Duluth News-Tribune, a Div. of Nw. Publications, Inc. v. Mesabi Pub. Co.*, 84 F.3d 1093,
1096 n. 2 (8th Cir. 1996); *Hallmark Indus., Inc. v. Hallmark Licensing, LLC*, 2018 WL 5828687, at *3
(W.D. Mo. Aug. 14, 2018) ("Trademark registrations are public records and the Court may
take judicial notice of them.").

[8] The applications with the United States Patent and Trademark Office contradict Plaintiffs'
allegations and misleading title that the FRSH Scents marks infringe on Plaintiffs' marks, because
rather than "leaf designs," as Plaintiffs allege, the applications clearly describe the designs as "Fire
(flames), emanating from objects, words or numbers."  FRSH Scents App. No. 88138335 and Calm
Scents App. No. 88138312.

Thus, the allegations in the Amended Complaint, combined with the European trademark registrations of which this Court may take judicial notice, establish that none of the *Vanity Fair* factors apply to the alleged unfair competition in this case: (1) the absence of sales in the United States by FRSH Scents demonstrates minimal, if any, effect on United States commerce, (2) FRSH Scents is not a United States citizen, (3) Plaintiffs' only allegation related to sales by FRSH Scents is that sales are occurring in the United Kingdom, where FRSH Scents has a valid trademark. *McBee v. Delica Co.*, 417 F.3d 107, 123 (1st Cir. 2005) (explaining that the mere fact that a website is "reachable from the United States just as it is reachable from other countries" is insufficient to establish jurisdiction in the United States under the Lanham Act). Just as in *Vanity Fair*, the only sales at issue in this case are made in a foreign country, by a foreign entity, under a valid foreign trademark, and thus, this Court should not apply the Lanham Act extraterritorially to the allegedly infringing actions. In the absence of any direct unfair competition, Plaintiffs cannot state a claim against Defendants for contributory unfair competition. *Phoenix Entm't*, 306 F. Supp. 3d at 1111.

## V.     There is no claim for common law contributory trademark infringement and unfair competition under Missouri law.

No Missouri court has recognized a cause of action for common law contributory trademark infringement and unfair competition, thus, Plaintiffs' Seventh Cause of Action should be dismissed. Additionally, to the extent this Court assumes that Missouri may recognize this cause of action, this Court has previously found that when the federal claim fails, the state claim must also fail. *Energizer Brands, LLC v. Proctor & Gamble Co.*, 2017 WL 4865921, at *6 (E.D. Mo. Oct. 27, 2017).

## CONCLUSION

For all the grounds set forth in this motion, this Court should dismiss Plaintiffs' Complaint, or, in the alternative, transfer venue to the District Court for the Southern District of Florida.

15

Dated:  October 3, 2019                                Respectfully submitted,


                                                       /s/ Matthew A. Jacober
                                                        Matthew A. Jacober (MO. 51585)
                                                        LATHROP GAGE LLP
                                                        7701 Forsyth Blvd.
                                                        Suite 500
                                                        Clayton, MO 63105
                                                        Telephone: (314) 613-2845
                                                        Email:  mjacober@lathropgage.com

                                                       Michael W. Marcil*
                                                       GUNSTER, YOAKLEY & STEWART, P.A.
                                                       450 East Las Olas Blvd.
                                                       Suite 1400
                                                       Ft. Lauderdale, FL 33001-4206
                                                       Telephone:  (954) 462-2000
                                                       Email:  MMarcil@gunster.com

                                                       Christopher Benvenuto*
                                                       John W. Terwilleger*
                                                       GUNSTER, YOAKLEY & STEWART, P.A.
                                                       777 South Flagler Drive
                                                       Suite 500 East
                                                       West Palm Beach, FL 33401
                                                       Telephone:  (561) 655-1980
                                                       Email:  CBenvenuto@gunster.com
                                                               JTerwilleger@gunster.com
                                                       (*admitted pro hac vice)

                                                       *Counsel for Defendants Paradise Air Fresh,
                                                       LLC, Marc Funderlich and Ryan Simons*

16

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 3, 2019, I electronically filed the foregoing Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below via transmission of Notices of Electronic filing generated by CM/ECF.

| | |
|---|---|
| Herb R. Giorgia Jr. | herb.giorgio@bclplaw.com |
| Matthew G. Minder | matt.minder@bclplaw.com |
| William H. Brewster | bbrewster@kilpatricktownsend.com |
| Jennifer Fairbarin Deal | jdeal@kilpatricktownsend.com |

BRYAN CAVE LEIGHTON PAISNER LLP

*Attorneys for Plaintiffs Energizer Brands II LLC, Energizer Holdings, Inc., and American Covers, LLC*

*/s/ Matthew A. Jacober*

*Counsel for Defendants Paradise Air Fresh, LLC, Marc Funderlich and Ryan Simons*

FTL_ACTIVE 5334957.4

17